UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              CASE NO. 1:05-CV-818

v.

                              HON. ROBERT HOLMES BELL

CAROLYN BUMGARDNER,
*formerly known as* Carolyn P. Smith,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S PETITION FOR EVICTION**

      It appears the United States of America, through its Agency, the U.S. Department of Interior – National Park Service, has asserted its right to recover possession of Sleeping Bear Dunes National Lakeshore Tract 25-123, legally described as: Lots 8, 9 and 12 of Block 7 of the plat of the Village of Glen Haven Subdivision, as recorded in Miscellaneous Records Liber 1 page 425 of Leelanau County, Michigan and more commonly known as 5427 Glen Haven Road (M-209), Glen Arbor, Michigan.

      Condemnation proceedings involving the Sleeping Bear Dunes National Lakeshore aquisition of land involved the above described property within Department of Interior Tract No. 25-123. This land was both improved and occupied with owners refusing the Department's offer of fair market value. Hence condemnation involved negotiator James E. Williamson with the certified appraisal of Lloyd G. Kirby, MAI, on June 21, 1979, in the amount of $31,500.

This Court, in docket G78-384 CA(7), received the Report of the Land Commissioner which was entered by Hon. Douglas W. Hillman on July 28, 1980, in which the amount of $36,000 was deposited in this Court, representing just compensation to be paid for the taking of land designated. Judge Hillman heard testimony from this Defendant concerning the construction of a cottage on said property in 1962 with improvements thereon and ordered a leaseback in accordance with the provisions of Sections 10 and 11 of the Sleeping Bear Dunes National Lakeshore Act, said leaseback to retroactively commence from September 30, 1980, the date condemnation order was entered, until September 1, 2005, with the nominal rental fee of $32.50 per month to be paid during the remainder of said period.

September 1, 2005, has come and gone with Defendant persistently failing to surrender said property as required. Defendant simply has no defenses to the grant of Summary Judgment of Possession by the U.S. Department of Interior. There are no facts nor is there law to support her continued claim of ownership or possessory interest. She is simply a hold-over-tenant after having been given numerous notices to quit the premises. There is then no dispute that the United States owns the above cited land.

Now therefore, Defendant must **forthwith** vacate the above described premises as Sleeping Bear Dues Lakeshore Tract 25-123. Defendant shall remain liable for all costs and fair-market rental during such holdover period subsequent to September 1, 2005.

IT IS SO ORDERED.

Date:   February 21, 2007            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE